<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DOMINICK GALLUZZO and ANGELA GALLUZZO,** | **Civil Action No.: 15-2201 (CCC)** |
| **Plaintiffs,** | |
| v. | |
| **UNITED STATES OF AMERICA,** | |
| **Defendant.** | **<u>REPORT & RECOMMENDATION</u>** |

<u>**FALK, U.S.M.J.**</u>

  This case has a convoluted history that implicates bankruptcy and tax law as well as the decisions of three prior courts.  Plaintiffs, Dominick and Angela Galluzzo, husband and wife, commenced this action seeking a declaration that two IRS tax liens should be vacated and damages awarded.  This is the fourth court presented with the dispute between the Galluzzos and the IRS, with prior cases having been heard in the District of New Jersey in 2012, the United States Tax Court, and the United States Court of Appeals for the Third Circuit.

  Defendant, the United States of America, has filed a motion to dismiss the Complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), and for

failure to state a claim pursuant to Rule 12(b)(6).  The sole basis of federal jurisdiction alleged in the Complaint is 26 U.S.C. § 7432 ("Section 7432"), which requires that parties exhaust administrative remedies prior to filing a lawsuit.  Because Plaintiffs have not exhausted their remedies under the statute, jurisdiction does not exist in this Court under Section 7432 and the Complaint should be **dismissed without prejudice**.

## BACKGROUND

### A.    The IRS's Assessment

In November 2005, the IRS assessed tax deficiencies against Plaintiffs for personal income tax for tax years 1999, 2000, and 2001.  In March 2006, defendant filed two notices of federal tax liens against Plaintiffs' property—one in Bergen County and one in Ocean County.  (Compl., ¶¶ 5-7.)

### B.    The Bankruptcy Proceeding

On June 15, 2006, Dominick Galluzzo filed a chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey.  (Compl., ¶ 8.)  On June 29, 2006, the IRS filed proof of claim in the bankruptcy case identifying secured claims for tax years 1999, 2000, 2001, and 2003 in the total amount of $1,255,211.34.  (Compl., ¶ 9.)

On July 27, 2006, Dominick Galluzzo commenced an adversary proceeding in the bankruptcy case to establish the amount of various creditors' secured claims, including the IRS's claims.  (Compl., ¶ 10.)

On February 25, 2008, the adversary proceeding was settled by the entry of a stipulation and order.  (Compl., ¶ 13.)  Plaintiff claims that there was never a determination made by the bankruptcy court as to the validity or amount of the IRS's claim.  (Id.)  Nevertheless, under paragraph 5 of the consent order, the IRS's secured claim was to be reduced by $200,000.  (Compl., ¶ 14.)  Thus, the value of the IRS's secured claim was to be at least $1,055,211.34.  (Id.)  Dominick was required to pay the IRS the value of its lien that was secured by his real property in Ocean County.  (Id.)  Under paragraph 6 of the consent order, any unsatisfied amount of the IRS's secured claim after payment from the Ocean County property would remain a lien on the debtor's real property in Bergen County.  (Id.)

On March 28, 2008, the bankruptcy court entered a confirmation order.  (Compl., ¶ 15.)  The order required Dominick to pay the IRS's secured claim on his Ocean County property within 6 years of the assessment—i.e., November 2011.  (Compl., ¶ 16.)

C.      **The First District Court Action**

On March 22, 2011, Dominick and Angela filed a complaint in this Court contesting their tax liabilities based on the IRS's alleged failure to mail notices of deficiency.  Dominick Galluzzo and Angela Galluzzo v. the United States of America, 11-1607 (CCC) (JAD).  (Compl., ¶ 17.)

In November 2011, the United States filed a motion to dismiss for lack of jurisdiction and failure to state a claim, which was referred to Magistrate Judge Joseph A.

Dickson.  In a Report and Recommendation on the motion to dismiss, Judge Dickson concluded that Dominick and Angela could not pursue relief in the District Court until they had paid the challenged tax assessments and filed a claim for a refund or credit. See Galluzzo v. United States, 2012 WL 2005434, at *2-4 (D.N.J. May 15, 2012).  Judge Dickson also noted that, as an alternative, Dominick and Angela could file a petition to the United States Tax Court.  Judge Dickson explained that the Tax Court would have to determine whether valid deficiency notices were issued as part of its jurisdictional analysis.  Id.

On May 30, 2012, District Judge Cecchi adopted the Report & Recommendation and the case was dismissed.  Id.

**D.**    **The Tax Court Case**

On May 21, 2012, Dominick and Angela filed a petition in the United States Tax Court.  (Compl., ¶ 18.)  In the petition, Dominick and Angela requested that the Tax Court "redetermine" the deficiencies for the years 1999, 2000, and 2001.  (Id.)  They alleged that they never received the notices of deficiencies and that the IRS's assessment of the deficiencies was untimely.  (Id.)  Again, the United States moved to dismiss the action.  Judge Juan F. Vazquez described the proceedings as follows:

> Before the Court is respondent's motion to dismiss for lack of jurisdiction.  Respondent seeks dismissal on the ground that the petition was not timely filed within the time period prescribed by Section 6213(a) or Section 7502.  Petitioners object to respondent's motion and contend that the respondent did not issue a valid notice of deficiency for any of the years

-4-

before the Court.  Since, as discussed below, the petition was
not filed within 90 days of the alleged mailing of the notice of
deficiency, the case will be dismissed for lack of jurisdiction.
The question to be resolved is the ground upon which to base
dismissal.

Galluzzo v. Commissioner of Internal Revenue Service, T.C. Memo 2013-136, 2013 WL
2359475, at *1 (May 30, 2013).

Dismissal of the petition was inevitable, as either (1) the IRS was correct that a

deficiency notice was mailed and the petition was not filed within 90 days; or (2)

plaintiffs were correct no notice of deficiency was issued.  In short, in a footnote attached

to the above quotation, Judge Vazquez described the impact of choosing one side's basis

for dismissal over the other:

If respondent's position is sustained, the petition is untimley
and the deficiencies and additions to tax may be assessed.
Petitioner's recourse then would be to pay the tax, file a claim
for refund with the IRS and, if the claim is denied, sue for a
refund in the appropriate federal district court or the court of
federal claims.  If petitioners' position is sustained, the notice
of deficiency is a nullity, and respondent may not assess the
deficiencies or additions to tax, under normal circumstances,
unless a valid notice of deficiency is issued.

Id. at *1 n.3

The Tax Court found that the IRS Commissioner had "failed to prove that he

issued a notice of deficiency to petitioners for 1999, 2000, and 2001."  Id. at *2.  As a

result, the case was dismissed "on the ground that [the IRS] did not issue a notice of

deficiency to petitioners for those years."  Id.  Thus, it would seem, that the Tax Court

agreed with the Galluzzos that the notice of deficiency should be a nullity — and

presumably, the liens based on those notices vacated.

**E.**     **The Third Circuit Appeal**

The Commissioner appealed the Tax Court's ruling as to Dominick Galluzzo only,

arguing that the Tax Court should have given *res judicata* effect to the Bankruptcy

Court's confirmation order.  The Third Circuit affirmed:

> On appeal, the Commissioner does not take issue with the
> fact, and fact it be, that it was his burden to establish that
> deficiency notices had been prepared and mailed to the
> Galluzzos.  Nor does he challenge the Tax Court's factual
> finding that he failed to satisfy that burden.  He instead
> contends that the Tax Court should not have made its own
> jurisdictional finding as to whether notices of deficiencies
> were issued and mailed (and, by extension, whether the IRS's
> assessment was valid), because the Bankruptcy Court's
> consent and confirmation orders, which establish that
> Galluzzo owes and must pay a debt to the IRS are *res judicata*
> with respect to the issues of notice and his tax liability, more
> generally. To allow the Tax Court to consider the proof of
> notice question anew, argues the commissioner, would
> undermine the finality and validity or the Bankruptcy Court's
> rulings.
>
> That argument is not without appeal.  Galluzzo was able to,
> but did not, dispute the validity of the IRS's secured claim
> before the Bankruptcy Court.  His assertion in the Tax Court
> that he never received a mailed notice of deficiency does
> appear to be a belated attempt to dodge his tax debt based on
> what the Commissioner essentially describes as a technicality.
>
> Nonetheless, we find the Commissioner's position
> unpersuasive.  Jurisdiction is not a mere technicality.  It must
> exist for a federal court to adjudicate a case. . . . .
>
>  . . . [W]e are well aware of the unusual dimensions of the Tax
> Court's jurisdictional holding under review.  Galluzzo has

used the Tax Court's lack of jurisdiction to obtain, at least in
the Tax Court, a favorable judgment, essentially on the merits.

Dominick Galluzzo and Angela Galluzzo v. Commissioner of Internal Revenue, 564 Fed.
Appx. 656, 659-60 (3d Cir. 2014) (citations and quotations omitted).

**F.**     **Events Leading to the Present Complaint**

Based on the decisions of the Tax Court and the Third Circuit, in June 2014,

Plaintiffs' counsel contacted the IRS's appellate counsel and requested assistance with

removing the liens.  (Compl., ¶ 27.)  IRS counsel advised that the Department of Justice

no longer had jurisdiction over the case and to contact IRS's National Office.  (Compl.,

¶ 28.)

In July 2014, Plaintiffs contacted the IRS's Taxpayer Advocate requesting

assistance in having the liens removed.  (Compl., ¶ 28.)  In response, an employee of the

Taxpayer Advocate sent Plaintiffs' counsel a letter dated July 31, 2014, stating that the

case was still under the jurisdiction of the Appeals Division of the IRS and that Plaintiffs

owed $1,956,183.61 in outstanding taxes.  (Id.)  Plaintiffs responded by letter dated

August 4, 2014, advising that the Appeals Division claimed that it no longer had

jurisdiction over the case and that the Tax Court decision held that no tax was owed.

(Compl., ¶ 29.)

On November 7, 2014, the IRS wrote to Plaintiffs stating that the matter had been

forwarded to the Advisory Group Office where the lien was filed, and if they did not hear

from the Advisory Group Office within 45 days, then the Galluzzos should contact them.

(Compl., ¶ 30.)

On December 8, 2014, the IRS reissued its tax liens as to both Angela and Dominick Galluzzo in both Bergen and Ocean County.  (Compl., ¶ 31.)

On February 20, 2015, a letter was sent to the IRS requesting that the liens be removed "in accordance with the provisions of [IRC Section 6325] because the underlying tax was improperly assessed and is legally unenforceable."  (Compl., ¶ 34.)

In response, an IRS employee in the "Release of Lien Section" telephoned Plaintiffs' counsel and advised that the "tax liens would remain in place."  (Compl., ¶ 35.)

## G.   **The Complaint**

On March 27, 2015, Plaintiffs filed the present Complaint.  The *sole* alleged basis for federal jurisdiction is IRS Section 7432.  (Compl., ¶ 3.)  Section 7432 allows for a civil action for damages when the IRS knowingly, or by reason of negligence, fails to release a lien.  Id.  The Complaint contains two counts:  (1) for a release of the liens (Count One); and (2) damages under Section 7432 (Count Two).

## H.   **The Present Motion**

On June 15, 2015, the United States responded to the Complaint with the present motion to dismiss pursuant to Federal Rules 12(b)(1) and (b)(6).  The United States argues that Dominick Galluzo's claims in both Counts 1 and 2 should be dismissed, pursuant to Federal Rule 12(b)(6), as barred by *res judicata*—i.e., that the Bankruptcy Court's orders bar his claims.  The United States also argued that both Galluzzos' claims

under Count 2 should be dismissed, pursuant to Federal Rule 12(b)(1), for lack of federal jurisdiction. The United States claims that Count 1 as to Angela Galluzzo is moot.[1] Finally, the United States claims that this dispute "should be sent back to the bankruptcy court. Alternatively[,] it should remain in the District Court, but it should be in the form of an action by the United States to compel compliance with the [bankruptcy] plan." (Def.'s Br. 6.)

Plaintiffs oppose the motion to dismiss arguing that Dominick is not barred from contesting the Commissioner's Claim in a subsequent proceeding, regardless of the Bankruptcy Court's orders. As to their claim for damages under Section 7432, Plaintiffs claim there are "extenuating circumstances which should be taken into consideration," essentially excusing them from formally exhausting their administrative remedies.

## RECOMMENDATION

A few things seem clear in this complicated proceeding. Plaintiffs have not paid taxes for years 1999, 2000, and 2001. Those tax years were part of the discussion during Dominick's two-year-long bankruptcy proceeding. The Bankruptcy Court entered orders that purport to address tax responsibility for those years. When it came time to satisfy the IRS's secured lien in 2011, Plaintiffs began filing lawsuits and did not pay the

---

[1] The United States contends that Count One of the Complaint as to Angela Galluzo is moot because the Government is arranging to remove the liens in her name: "the United States intends to release its liens from the property of Angela Galluzzo and abate the assessments against her. Once completed, these actions will render at least Count I of the Complaint moot as to her." (Def.'s Br. 1 n.1.)

assessments, rasing for the first time that they were invalid.  The issue was litigated in the Tax Court and the IRS did not carry its burden to show that it issued notices of deficiencies for those years.  Thus, the IRS essentially lost, on the merits, in the Tax Court, which was affirmed by the Third Circuit.  A court somewhere will eventually have to unravel how all of that impacts the IRS liens in place.  But it should not be this Court at this time for one simple reason—there is no basis for federal subject matter jurisdiction in the District Court.

Paragraph three of the Complaint contains <u>one</u> basis for federal subject matter jurisdiction over this case: 26 U.S.C. § 7432.  (Compl., ¶ 3.)  Section 7432 allows Plaintiffs to bring an action for damages when the IRS wrongfully maintains a lien.  <u>Id.</u> But damages may not be awarded under Section 7432 "unless the court determines that the plaintiff has *exhausted the administrative remedies* available to such a plaintiff within the Internal Revenue Service."  26 U.S.C. § 7432(d)(1) (emphasis added).  Failure to exhaust administrative remedies prior to bringing a Section 7432 claim "deprives the court of jurisdiction."  <u>See</u> <u>Venen v. United States</u>, 38 F.3d 100, 103 (3d Cir. 1994).

The administrative remedies a taxpayer must exhaust are set forth in Treasury Regulation § 301.7432-1.  <u>See, e.g.</u>, <u>Venen</u>, 38 F.3d at 103.  The claim must be sent in writing to the district director and must include:

> (i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;

(ii) A copy of the notice of federal tax lien affecting the taxpayer's property, if available;
(iii) A copy of the request for release of lien made in accordance with § 401.6325–1(f) of the Code of Federal Regulations, if applicable;
(iv) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);
(v) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);
(vi) The dollar amount of the claim, including any damages that have not yet been incurred but that are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and
(vii) The signature of the taxpayer or duly authorized representative. For purposes of this paragraph, a duly authorized representative is any attorney, certified public accountant, enrolled actuary, or any other person permitted to represent the taxpayer before the Internal Revenue Service who is not disbarred or suspended from practice before the Internal Revenue Service and who has a written power of attorney executed by the taxpayer."

Treas. Reg. § 301.7432-1(f)(2).

The taxpayer's administrative claim must comply with these regulations both in the manner in which it is sent and its form. Venen, 38 F.3d at 103. "The failure to comply deprives a court of jurisdiction even though the IRS has received actual notice of the claim and never informs the taxpayer of the proper procedures." Id.

Here, despite the extensive history discussed above, it appears that Plaintiffs' attempts to exhaust their administrative remedies consist of writing a letter and placing two telephone calls. And as the United States explains, Plaintiffs' letter does not address

-11-

a number of the requirements for an administrative claim, including enclosing a copy of the federal tax liens affecting the property; a copy of the request for release of liens made in accordance with Treas. Reg. § 401.6325-1(f), a description of the injuries incurred by the claim and supporting documentation; and the dollar amount of the claim.  (Def.'s Br. 8.)

Plaintiffs' brief dedicates just over a page and a half to the administrative remedies argument, acknowledging that it is a requirement but contending "there [are] extenuating circumstances which should be taken into consideration."  (Pls.' Br. 13.)  The extenuating circumstances alleged is that communications were had with the Taxpayer Advocate with specific directions regarding their claim.  (Id.)  Perhaps so, but that does not constitute an exhaustion of Plaintiffs' administrative remedies.  The truth is that both sides have occasionally taken aggressive positions and sought to seize on "technicalities."  Galluzzo, 564 Fed. Appx. at 659-60.  Yet, Plaintiffs effectively acknowledge that they have not complied with the specific requirements of the Treasury Regulations required for an administrative claim.  No information has been put before the Court that suggests that Plaintiffs' post-litigation letters and phone calls contain all that is required of an administrative claim or that it was presented to the appropriate and authorized person within the IRS.

The administrative claim process is a prerequisite to federal court jurisdiction. And as the Third Circuit made clear in Plaintiffs' own case, "jurisdiction is not a mere

technicality.  It must exist for a federal court to adjudicate a case." <u>Galluzzo</u>, 564 Fed.

Appx. at 659-60.  Because Plaintiffs have not complied with the requirements for

exhaustion of their administrative remedies, the Court lacks jurisdiction over their Section

7432 claim.  That requires that Count Two be dismissed.

       Count One must also be dismissed.  Count One seeks to have the liens removed.

Section 7432 jurisdiction does not generally provide a basis for such relief.  <u>See, e.g.</u>,

<u>Agarunov v. United States</u>, 2014 WL 1348946, at *2 (E.D.N.Y. Apr. 4, 2014) ("Plaintiffs

predicate subject matter jurisdiction on [Section] 7432.  That statute does not provide for

a district court to order the release of a tax lien.").  And even if it did, Section 7432

jurisdiction is not present at this time.  Thus, Plaintiffs must allege a basis for federal

jurisdiction over Count One separate and independent of Section 7432.  They have not.

While the body of the Complaint refers to "Internal Revenue Code Section 6325(a)(1)"

Plaintiffs do not allege that this Section provides jurisdiction for this court to hear the

case, nor will the Court simply presume it does, as many of the tax statutes have separate

and complex procedural and administrative requirements.  <u>See</u> <u>Stuler v. United States</u>,

301 Fed. Appx. 104, 106-07 (3d Cir. 2008); <u>Synder v. United States</u>, 260 Fed. Appx. 488,

491-92 (3d Cir. 2008).  The specifics of pleading matter.  Since the Complaint does not

contain a separate articulated basis for federal jurisdiction over Count One (*see* Compl., ¶

3) both counts of the Complaint must be **dismissed without prejudice**.

       Plaintiffs may ultimately be correct that the Tax Court and the Third Circuit Court

of Appeals have already found that the IRS's tax liens should be released.  But the

problem is, based on the pleading presented, there is yet no jurisdictional basis for *this* to

be the Court to enforce that decision.[2]

## **CONCLUSION**

For the reasons stated above, it is respectfully recommended that Defendant's

motion be **granted in part**, and that entire Complaint be dismissed without prejudice.


s/Mark Falk_____
**MARK FALK**
**United States Magistrate Judge**


**DATED: November 4, 2015**

---

[2] It is not necessary at this time to reach the IRS's argument that the Complaint should
be dismissed on *res judicata* grounds.